**Dean M. VANE**

v.

**THE FAIR, INC., et al.**

**Civ. A. No. B–84–1267–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 9, 1987.

Dana LeJune, Neal J. Mosely, Houston, Tex., Alto V. Watson, Beaumont, Tex., for plaintiff, Dean M. Vane.

Tom Hanna, Roger D. Hepworth, Beaumont, Tex., for defendant, The Fair, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOE J. FISHER, District Judge.

The above-entitled and numbered cause came on for trial, and the Court having considered the pleadings, having heard the testimony and determined the credibility of witnesses, having examined physical exhibits and studied post-trial submissions of the parties, and all of the evidence, and having heard the arguments and reviewed the briefs of counsel, now makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52, Federal Rules of Civil Procedure. If any Finding of Fact should be construed as a Conclusion of Law, it is to be so considered; and should any Conclusion of Law be construed as a Finding of Fact, it is to be so considered.

## FINDINGS OF FACT

1.

The Plaintiff, Dean M. Vane, is a citizen of the United States and a resident of the State of Texas. The Defendant, The Fair, Inc., is incorporated under the laws of the State of Texas.

2.

Plaintiff, a commercial photographer, was requested by Defendant to bid on taking photographs for Defendant, which were to be used in advertising mailers. Plaintiff was retained by Defendant for the purpose of taking such pictures for their limited use in mailers. There was no written agreement or employment contract between Plaintiff and Defendant.

3.

During the period from about March 1, 1983 to May 31, 1984, Plaintiff took a series of slides and photographs (hereinafter referred to as slides) for Defendant to be used in, and which were used in, several special occasion and non-special occasion mailers. While employees of Defendant involved in advertising were present during the photo-sessions and periodically made suggestions as to the work being done, Defendant did not have the contractual right to supervise and direct, nor did it supervise and direct, Plaintiff's photography work. More specifically, Plaintiff selected and posed the models, and provided his own materials. Plaintiff was charged with producing the desired photographic result requested by Defendant, but had full discretion as to the means by which the result was to be obtained.

4.

Plaintiff delivered the slides to Defendant, but failed to affix any copyright mark or notice to the slides so delivered. Per the unwritten agreement between the parties, Defendant paid Plaintiff for the photographs. As evidenced by the testimony and by the invoices submitted to Defendant by Plaintiff, Plaintiff was compensated for Defendant's limited use of such slides in mailers.

5.

Defendant reproduced the slides in advertising mailers which were distributed to the public. The slides which appeared in the mailers bore no copyright notice.

6.

Defendant used some of Plaintiff's slides in television advertising from late 1983 until the summer of 1984 without notifying Plaintiff of such use, without permission from Plaintiff, and without compensating Plaintiff for such use. On first learning of these facts, sometime in the summer of 1984, Plaintiff protested the unauthorized use of the slides in such television advertising by Defendant, and demanded compensation for such unauthorized use.

7.

On December 3, 1984, Plaintiff filed applications with the United States Copyright Office to register his copyright in the slides which were used in mailers, and some of which were used in television advertisements by Defendant. Proper procedures were followed and, in due course, the Copyright Office issued the registrations as Copyright Registration Nos. VAu74–807 and VAu74–808. A subsequent Registration No. VAu88–770 was obtained for additional slides found to have been used in the television advertisements. The applications were made by Plaintiff for unpub-

lished photographs because the question of whether the photographs were ever "published," as that term is defined in the copyright law, was in question at the time the registrations were applied for.

8.

The value of the slides taken by Plaintiff and used by Defendant in television advertisements without the permission of Plaintiff, in addition to the value of such slides for their use in the mailers, is Sixty Thousand ($60,000.00) Dollars.

9.

Plaintiff has failed to prove that Defendant made any profits which are attributable to slides taken by Plaintiff and used by Defendant in television commercials. More specifically, Plaintiff has failed to present adequate proof of Defendant's gross revenues, if any, attributable to Defendant's use of the slides in the television commercials, the evidence presented by Plaintiff on this issue being totally speculative.

10.

Plaintiff brought suit against Defendant for copyright infringement claiming (a) damages in the amount of his lost revenue for the use of his slides in television advertisements, (b) the profits of Defendant attributable to the alleged copyright infringement, (c) an injunction against further copyright infringement by Defendant, and (d) destruction of any remaining infringing copies.

## CONCLUSIONS OF LAW

### I.

This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a). Venue is proper pursuant to 28 U.S.C. § 1400(a).

### II.

Plaintiff introduced into evidence certificates of copyright registration Nos. VAu74–807, VAu74–808, and VAu88–770 issued by the United States Copyright Office. The certificates of registration are prima facie evidence of Plaintiff's copyright in the slides in controversy. 17 U.S.C. § 410(c). Plaintiff had valid copyright registrations in all the works (slides) used by Defendant without his permission at the time of the trial of this cause.

### III.

█ Plaintiff was not an employee of Defendant, but was rather an independent contractor during the period of time that he created the works (slides) made the basis of this suit. Also, Plaintiff's slides were not "work[s] specially ordered or commissioned" within the purview of 17 U.S.C. § 101. Consequently, Plaintiff's slides in controversy are not "works made for hire" within the meaning of the Copyright Act of 1976. *Easter Seal Soc. v. Playboy Enterprises*, 815 F.2d 323 (5th Cir.1987).

### IV.

█ Plaintiff did not publish the slides in question, but only delivered them to the Defendant, and Defendant first published the slides in the form of mailers. Consequently, Defendant's contention that Plaintiff failed to affix notice of copyright to the copies of the slides, and thereby forfeited his right to the copyright, fails as a matter of law. In the alternative, should Plaintiff be held to have published his slides by virtue of Defendant's use of such slides in the mailers, Plaintiff's copyright in the slides is nevertheless valid because registration for the slides was made within five (5) years after the publication without notice, and Plaintiff made a reasonable effort to add notice to all copies of the slides that were distributed to the public in the United States, after the omission was discovered, all in satisfaction of 17 U.S.C. § 405(a)(2).

### V.

█ There has been no showing by Defendant of scienter on the part of Plaintiff or his counsel in the filing of the copyright registrations. *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821 (11th Cir.1982). Therefore, Plaintiff's failure to advise the Copyright Office on Section 3 of the Applications for Copyright Registrations of Defendant's publication of the

slides in the mailers does not invalidate Plaintiff's copyright in the slides.

### VI.

Plaintiff's delivery of the slides to Defendant for use in the mailers was not a publication of the slides and no copyright notice was required. Moreover, Defendant was at all times aware that its use of the slides was limited to mailers per the agreement between the parties. Consequently, Defendant was not misled by an omission of notice from Plaintiff's slides, and Defendant is not an innocent infringer within the purview of 17 U.S.C. § 405(b).

### VII.

Plaintiff owns valid copyright registrations Nos. VAu74–807, VAu74–808 and VAu88–770, and those registrations have been infringed by Defendant's use of Plaintiff's slides in television advertising.

### VIII.

Plaintiff suffered Sixty Thousand ($60,-000.00) Dollars in actual damages as a result of Defendant's infringement of his copyright in the slides, and is entitled to recover the same.

### IX.

Plaintiff has failed to present sufficient proof of Defendant's gross revenue, if any, attributable to Defendant's infringement. Consequently, Defendant is relieved of proving its deductible expenses and the elements of profit attributable to factors other than the copyrighted works. Plaintiff is therefore not entitled to any profits of Defendant that are attributable to the Defendant's infringement, as allowed by 17 U.S.C. § 504(b).

In accordance with the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that Judgment is GRANTED in favor of Plaintiff and against Defendant in the amount of Sixty Thousand ($60,000.00) Dollars. It is further ORDERED that Defendant be and is hereby enjoined from further infringement of Plaintiff's copyright in the slides, and Defendant shall return to Plaintiff any slides or copies of the slides still in its possession. All other relief not specifically granted herein is DENIED.

### FINAL JUDGMENT

Came on for trial the above-captioned cause, and in accordance with the Findings of Fact and Conclusions of Law entered by the Court on this date, Judgment is hereby rendered in favor of Plaintiff, DEAN M. VANE, and against Defendant, THE FAIR, INC., in the amount of Sixty Thousand ($60,000.00) Dollars.

Additionally, it is ORDERED that Defendant, THE FAIR, INC., be and hereby is ENJOINED from further infringement of Plaintiff's copyright in the slides, and Defendant, THE FAIR, INC., shall return to Plaintiff any slides or copies of the slides still in its possession.

Reference is hereby made to the Court's oral granting of Defendant, VANCE–MATHEWS, INC.'s Motion for Directed Verdict made at the close of Plaintiff's case-in-chief. Pursuant to the granting of said motion and for the reasons announced by the Court at that time, Judgment is rendered in favor of VANCE–MATHEWS, INC., and Plaintiff's claims against Defendant, VANCE–MATHEWS, INC., are dismissed with prejudice.